246

## MAHER et v GREENE

Ohio Appeals, 2nd Dist, Darke Co

No 489. Decided Jan 14, 1936

Billingsley & Manix, Greenville, for plaintiffs in error.

Murphey & Staley, Greenville, for defendants in error.

## OPINION

By BARNES, PJ.

The error complained of in this court is the matter of the finding and judgment of the court relative to dower right of the widow Tillie Cool. The portion of the judgment entry as to dower reads as follows:

"Tillie Cool, as the surviving spouse of plaintiff, said decedent Noah W. Cool, is now endowed with an estate or interest for life in and to said real estate in plaintiff's petition described of the value and amount of the one-third (1/3) portion of the aggregate amount of said several judgment liens with which said real estate was so encumbered at the time of the death of plaintiff's said decedent, the said Noah W. Cool, as aforesaid, such amount of said dower interest of said defendant being of the present value of eleven thousand three hundred thirty and 61/100 ($11,330.61) dollars."

It is apparent from the above quoted portion of the journal entry that the value of the widow's dower as determined by the court, together with her year's allowance and the costs of administration will approximate, if not exceed, the total value of the estate.

The mere statement of the above challenge all previous conception of the nature, character and possible value of a spouse's dower.

The trial court arrived at his determination through his construction and application of the newly enacted dower section, §10502-1 GC. As a predicate for the application of the section the court determined the following pertinent facts,

(1) That the widow, Tillie Cool, had not relinquished nor otherwise been barred of her dower in any of the real estate described in plaintiff's petition.

(2) That the decedent, Noah W. Cool was the owner of an estate of inheritance in the real estate described in the petition during the time of the existence of the marital relation and up to the time of his death.

(3) That the liens aggregating $64,283.52 were each and all judgment or execution liens and on none of which the widow, Tillie Cool, was individually responsible.

(4) That each and all of the judgment or execution liens were attached to the real estate during the life time of the decedent, Noah W. Cool and at a time when he was the owner in fee simple of such premises.

Sec 10502-1 GC reads as follows:

"A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage, but all such dower interest shall terminate and be barred upon the death of the consort except:

(a) To the extent that any such real property at any time during the marriage was conveyed by the deceased consort, the surviving spouse not having relinquished or been barred of dower therein; and

(b) To the extent that any such real property at any time during the marriage was encumbered by the deceased consort by mortgage, judgment, lien (except tax lien), or otherwise, the surviving spouse not having relinquished or been barred of dower therein. In the event any of the real property of which the deceased consort was seized as an estate of inheritance at decease was so encumbered, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort.

In lieu of such dower interest as terminates and is barred pursuant to the provisions of this section, a surviving spouse shall be entitled to the distributive share provided by the statute of descent and distribution. All dower interest shall terminate and be barred upon the granting of an absolute divorce in favor of or against such spouse by a court of competent jurisdiction within or without this state.

Wherever dower is referred to in any other section of this act, it shall mean the dower to which a spouse is or may be entitled by the provisions of this section."

The second paragraph under sub-division (b) of the above section is the portion of the act under which counsel for the widow insist that her dower rights were correctly determined. We have no difficulty in concluding that the entire section could very properly be re-written and the language improved so as to leave no necessity for different views of construction. However, it is not the power of courts to legislate, but merely to administer the law as enacted always provided the legislation is constitutional.

In the event of conflict of sections or different paragraphs in the same section, it is proper for a court to so construe the law as to give application to all sections and all parts thereof if the verbiage will permit. Another rule of construction is that clear and definite language must be given its usual and well recognized meaning.

With these general rules of construction in mind, we examine the entire act as it pertains to spouse's dower. Running through this legislation, we think we observe the desire to increase the spouse's interest in the real estate of the deceased consort and where possible to do away with dower.

In lieu of dower, the spouse inherits a full one-half if there be but one child and the full one-third in fee if there be more than one child.

It was apparent to the compilers of the amendments to the dower statute that where judgment or other liens existed against the property that the interest of the spouse under the descent and distribution statutes might be diminished rather than increased. Hence, it was provided that under such situation, the spouse would be restored to dower rights. Parenthetically, we might at this time say that the compilers of this law failed to consider that there might be instances where the entire estate would be consumed by reason of indebtedness not classified as a mortgage, judgment or other encumbrance. As a companion case, we are at this same time releasing an opinion in case No. 491, Darke County, Disher, Executor v Disher, in which the very situation presents itself. In the Disher case the entire estate will be practically consumed by general indebtedness and the widow will receive little if anything by way of dower or under the descent statute.

We are unable to agree with counsel for defendant in error that this situation manifests the legislative intent to penalize the activities of debtors in procuring liens by way of judgments or otherwise. We prefer to base it upon a mere oversight. Returning now to the essential question in

the instant case, we find the following in the first paragraph of §10502-1 GC:

"A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage."

This in substance is the language of the old dower statute and we think definitely determines that dower, under any circumstances can not be more than one-third of all the real property of which the consort was seized, etc.

Sub-division (b) of this section must be read and construed in connection with the paragraph above quoted. The second paragraph of this sub-division (b) wherein it states that the dower is to be computed on the basis of the amount of the encumbrances could not increase the amount over and above the limit as contained i the first paragraph of the section.

This construction certainly does no violence to any language contained in the act, but on the contrary does give effect to all of its provisions. Arriving at this conclusion as to a proper interpretation and construction of the act, we are constrained to the determination that the judgment of the lower court must be reversed.

Exceptions will be allowed. Entry may be drawn in accordance with this opinion.

HORNBECK and BODEY, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Feb 25, 1936

By THE COURT

The above entitled cause is now being determined on application of defendant in error for rehearing.

In support of the application counsel have filed an extended brief. The court has again taken up the original questions in the light of our opinion, the application for rehearing and the brief of able counsel accompanying it. Again, the sole and on'y question for consideration is the construction of §10502-1 GC as it affects the dower rights of defendant in error, Tillie Cool. We are unaided by the decisions of any Ohio courts for the possible reason that the section is of comparative recent enactment, and has not been previously construed under a state of facts comparable to the instant case.

Neither do we have the support of any precedent of decisions in foreign jurisdictions for the probable reason that no similar language will be found in the legislative enactments of any other state.

It therefore follows that with the aid of the briefs of counsel we have an original question of the construing of this statute. In so doing we seek to follow the well known rules of construction set forth in our original opinion and concurred in by counsel for defendant in error.

Counsel thinks that we do not give proper consideration to the second paragraph of exception (b) of the statute. Whether or not we have been unfortunate in our language so as to leave this impression, nevertheless we have very earnestly read and re-read not only this exception (b) but all other pertinent parts of the section.

We again repeat that in order to ascertain the legislative intent we must read the section as a whole and then construe it if possible as would give effect to all parts thereof. Nothing less would give effect to the legislative intent.

We also again call attention to the first paragraph of this section §10502-1 GC, in which "dower" is defined in the exact language of the old dower statute, and then in the last two lines state that "such dower interest shall terminate and be barred upon the death of the consort except;" the word "except" is significant and must be given a meaning, and when we find in subsequent portions of the section the language to which the word "except" applies, then mentally at least we may eliminate so far as it relates to the exception the following language in such first paragraph, "but all such dower interest shall terminate and be barred upon the death of the consort."

In construing the execution if we follow the reasoning of counsel for defendant in error the exception in the instant case would create a dower interest greater than that which the first paragraph of the section in very clear and positive language defines it to be. This first paragraph says: The spouse "shall be endowed of an estate for life in one-third of all the property of which the consort was seized," etc.

Counsel call attention to the fact that exception (b) is divided into two paragraphs. The first exception (b) by its very clear language is limited "to the extent that any such real property at any time during the marriage was encumbered by the deceased," etc., * * * "the surviving spouse not having relinquished or been barred of dower therein." From this language it would follow that to any such extent that

such real property was not encumbered the word 'except' as contained in the last paragraph would not apply. The second paragraph of exception (b) is intended to provide for a computation of the value of the dower of the surviving spouse when within the exception clause. The conditions under which the exceptions apply to paragraph 1 and paragraph 2 of exception (b) are the same. What is it that is to be computed under the provisions of the second paragraph of exception (b)? We quote:

"The dower interest of the surviving spouse therein."

We next inquire, what is the dower interest of the surviving spouse. We find the answer to this in the first paragraph of the section:

"A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage."

The words around which all difficulty arises are the following as contained in the second paragraph of exception (b) "shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort * * *."

Counsel for defendant in error in his analysis does not take into consideration what the legislature in the first paragraph of this section defines a dower to be.

Under their method of computation the dower would be calculated to be approximately the full value of the fee in the entire acreage.

It certainly can not be said that a dower which is defined to be a one-third interest for life can be computed to have a money value equal to the total value of the fee. The word 'basis' as used, we think, is a word of qualification and limitation.

Generally speaking no doubt, the encumbrances mentioned would not equal the value of the property, and under such a situation there would arise no difficulty.

We adhere to our original opinion.

Motion for rehearing will be overruled.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.